NA

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald Francisco, | No. CV 14-8059-PCT-DGC (JFM) |
| Plaintiff, | |
| v. | **ORDER** |
| Navajo Nation Police Department, et al., | |
| Defendants. | |

On April 7, 2014, Plaintiff Gerald Francisco, who was then confined in the Central Utah Correctional Facility in Gunnison, Utah, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a July 7, 2014 order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to file a complete Application to Proceed on the court-approved form. On July 17, 2014, Plaintiff filed an Application to Proceed *In Forma Pauperis* using this District's approved form. However, in his cover letter, Plaintiff stated that he was going to be released from prison on November 4, 2014 and provided the address where he would thereafter reside. In a November 19, 2014 order, the Court denied Plaintiff's Application to Proceed *In Forma Pauperis* because he was no longer in custody and gave Plaintiff 30 days to either pay the filing and administrative fee or file a non-prisoner Application to Proceed in District Court Without Prepaying Fees or Costs.

On November 26, 2014, Plaintiff filed a non-prisoner Application to Proceed in District Court Without Prepaying Fees or Costs. In a January 14, 2015 order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the order.

On February 12, 2015, Plaintiff filed his First Amended Complaint. In an April 16, 2015 order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the order. On June 1, 2015, the Clerk of Court entered judgment and dismissed this action because Plaintiff failed to file a second amended complaint.

On June 1, 2015, Plaintiff filed a Second Amended Complaint (Doc. 22). The Court will vacate the June 1, 2015 Judgment and direct the Clerk of Court to reopen this case. The Court will further dismiss the Second Amended Complaint and this action.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

. . . .

1  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
2  claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,
3  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual
4  content that allows the court to draw the reasonable inference that the defendant is liable
5  for the misconduct alleged." *Id.*  "Determining whether a complaint states a plausible
6  claim for relief [is] . . . a context-specific task that requires the reviewing court to draw
7  on its judicial experience and common sense." *Id.* at 679.  Thus, although a plaintiff's
8  specific factual allegations may be consistent with a constitutional claim, a court must
9  assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*
10 at 681.

11  But as the United States Court of Appeals for the Ninth Circuit has instructed,
12 courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338,
13 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less
14 stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v.*
15 *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

16 **II.    Second Amended Complaint**

17  In his bare-bones Second Amended Complaint, Plaintiff sues Navajo Nation
18 Police Department ("NNPD") Chief Leonard Williams and NNPD Sergeant Rob
19 Williams.  Plaintiff seeks monetary damages.

20  In Count One, Plaintiff asserts an excessive force claim and alleges that during his
21 arrest he was "assaulted" by Defendants Leonard Williams and Rob Williams and other
22 NNPD officers.  Plaintiff further alleges that Defendant Rob Williams twisted his wrists,
23 broke his right wrist, and he was "slammed onto the asphalt [by] all the officers."

24  In Count Two, Plaintiff asserts a claim for discrimination and alleges that he "felt"
25 that he was discriminated against by Defendant Rob Williams because Plaintiff is "a
26 colored Native American Indian" and Defendant Rob Williams is "a white Caucasian
27 male."  Plaintiff claims that Defendant Rob Williams "quietly whispered, 'you damn
28 Indian' in [his] ears."

Plaintiff designates Count Three as a freedom of speech claim and alleges that he "felt" his rights were violated when he was interrogated by Defendants Rob Williams and Leonard Williams.  Plaintiff claims he requested to have a lawyer present during his interrogation.  Plaintiff further claims that he was assaulted by Defendants and other NNPD officers and that Defendant Rob Williams broke Plaintiff's wrist.

### III. Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

#### A. Count One

The use of excessive force by police officers in the course of an arrest can violate the arrestee's Fourth Amendment right to be free from unreasonable seizures. *See White by White v. Pierce County*, 797 F.2d 812, 816 (9th Cir. 1986).  The Fourth Amendment does not prohibit the use of reasonable force. *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1095 (9th Cir. 2006).  Whether the force was excessive depends on "whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Tatum*, 441 F.3d at 1095; *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003).  The Court must balance the nature and quality of the intrusion against the countervailing governmental interests at stake. *Graham*, 490 U.S. at 396; *Lolli*, 351 F.3d at 415.  Moreover,

> [t]he "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the

scene, rather than with the 20/20 vision of hindsight.  . . . .
"Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment.

*Graham*, 490 U.S. at 396 (citations omitted). "Whether a particular use of force was 'objectively reasonable' depends on several factors, including the severity of the crime that prompted the use of force, the threat posed by a suspect to the police or to others, and whether the suspect was resisting arrest." *Tatum*, 441 F.3d at 1095.

Plaintiff fails to allege sufficient facts to support a claim of excessive force. Plaintiff again fails to allege why he was being arrested, whether he posed a threat to the officer or others, and whether he was resisting arrest or complying with all orders from the officer(s).  Thus, Plaintiff has not alleged sufficient facts to support that the use of force was not objectively reasonable.  Accordingly, Plaintiff has failed to state a claim upon which relief can be granted in Count One, and the Court will dismiss Count One.

### B. Count Two

To establish a violation of the Equal Protection Clause based on a claim of racial discrimination, a plaintiff must first establish that defendants acted with a discriminatory intent. *Washington v. Davis*, 426 U.S. 229, 239 (1976).  Plaintiff fails to allege facts showing Defendant Rob Williams acted with discriminatory intent and offers nothing more than a conclusory allegation that he "felt" Rob Williams discriminated against him and called him a "damn Indian."  Moreover, "'[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.'" *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (quoting *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)); *see also Kennan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996); *Hopson v. Frederickson*, 961 F.2d 1378-79 (9th Cir. 1992) (racial slur and threat did not constitute at § 1983 claim).Conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential

elements of the claim that were not initially pled. *Id*. Plaintiff has failed to state a claim for racial discrimination in Count Two, and the Court will dismiss Count Two.

### C. Count Three

In Count Three, Plaintiff stated that he requested an attorney when he was being interrogated and that he somehow "felt" this violated his free speech rights, but he has failed to provide any facts as to how it violated any free speech rights Plaintiff may have. Accordingly, Plaintiff has failed to state a claim for the violation of his free speech rights, and the Court will dismiss that portion Count Three.

To the extent Plaintiff is attempting to assert an excessive force claim in Count Three, he also fails to state a claim. Although it is not entirely clear, it appears Plaintiff is alleging that Defendant Rob Williams broke Plaintiff's right wrist, and he requested an attorney during the interrogation in order to discuss his broken wrist. As discussed in Count One, Plaintiff has not alleged sufficient facts to state an excessive force claim. To the extent Plaintiff is alleging in Count Three that Defendant Rob Williams broke his wrist for requesting an attorney, that allegation contradicts Plaintiff's allegations in Count One, where he alleged that Rob Williams broke his wrist during his arrest. Accordingly, the Court will dismiss that portion of Count Three.

### IV. Dismissal without Leave to Amend

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further

opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) The Clerk of Court must **vacate** the June 1, 2015 Judgment (Doc. 21) and must **reopen** this case.

(2) Plaintiff's Second Amended Complaint (Doc. 22) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(3) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(4) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

Dated this 17th day of June, 2015.

*David G. Campbell*
David G. Campbell
United States District Judge